IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY W. BAKER,

      Plaintiff,               No. CIV S-08-1034 LKK KJM P

   vs.

SOLANO COUNTY JAIL, et al.,

      Defendants.      ORDER

_____/

        Plaintiff is a county jail inmate proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $21.16 will be assessed by this order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, _ U.S. _, 127 S.Ct. 1955, 1964 (2007). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, _ U.S. _, 127 S.Ct. 2197, 2200 (2007). In reviewing a complaint under this standard, the court must accept as true the allegations of the

2

complaint in question and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff alleges that defendant Rourk delayed and denied him access to the courts by her refusal to make copies of materials unless she could determine that the materials were germane to his habeas petition. Other deputies covered up defendant Rourk's behavior by denying his grievances.

An inmate has a constitutionally protected right of meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 820-21 (1977). This right encompasses more than access to an adequate law library; it includes access to photocopying services necessary for preparing the required number of copies. Gluth v. Kangas, 951 F.2d 1504, 1510 (9th Cir. 1991). To prevail, however, it is not enough for an inmate to show some sort of denial: he must also show "actual injury" from the denial or delay of services. Lewis v. Casey, 518 U.S. 343, 351 (1996). Plaintiff has not alleged that his state habeas was denied because of any delay or because he was unable to attach the necessary copies. Moreover, because he has not shown that his rights were violated, his claim of a "cover-up" is not cognizable in a civil rights action. Orwat v. Maloney, 360 F.Supp.2d 146, 159 (D. Mass. 2005).

Plaintiff also complains about the way his grievance on this subject was handled. A prisoner has no constitutional right to prison grievance procedures. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Because inmates do not have a substantive right to prison grievance procedures, the manner in which a grievance is processed does not give rise to a civil rights claim. This claim should not be included in any amended complaint.

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the

1  complaint must be dismissed. The court will, however, grant leave to file an amended
2  complaint.

3  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
4  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See
5  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms
6  how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless
7  there is some affirmative link or connection between a defendant's actions and the claimed
8  deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
9  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory
10 allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of
11 Regents, 673 F.2d 266, 268 (9th Cir. 1982).

12 In addition, plaintiff is informed that the court cannot refer to a prior pleading in
13 order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an
14 amended complaint be complete in itself without reference to any prior pleading. This is
15 because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.
16 Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original
17 pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an
18 original complaint, each claim and the involvement of each defendant must be sufficiently
19 alleged.

20 In accordance with the above, IT IS HEREBY ORDERED that:
21 1. Plaintiff's request for leave to proceed in forma pauperis is granted.
22 2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
23 Plaintiff is assessed an initial partial filing fee of $21.16. All fees shall be collected and paid in
24 accordance with this court's order to the Solano County Sheriff's Department filed concurrently
25 herewith.
26 /////

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall file an original and one copy of the Amended Complaint. Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to send plaintiff a copy of the form for a civil rights action by a prisoner.

DATED: June 3, 2008.

_____
U.S. MAGISTRATE JUDGE

2
bake1034.14